**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald W Taylor, II, | No. CV-19-04796-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Camille D. Bibles's Report and Recommendation ("R&R") (Doc. 18) to dismiss Petitioner Donald W. Taylor, II's Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1.) Petitioner filed objections to the R&R. (Doc. 21.) Respondents filed a response. (Doc. 22.) For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 3, 2016, police executed a search warrant of Petitioner's home and "found a number of electronic devices," including a cell phone, laptop, and Dell desktop computer. (Doc. 18 at 2) (citing Appellant's Brief, *State v. Taylor*, No. 2 CA-CR 2018-0002, 2019 WL 2211978, at *2 (Ariz. App. May 13, 2019)). Each contained at least one pornographic image deemed at trial to be of a minor child, ranging from "less than 5 years old" to "less than 13 years old." (*Id.*) (citing *Taylor*, 2019 WL 2211978, at *2). Petitioner was represented by counsel at trial. He testified and denied downloading the images. He stated that he had never seen child pornographic images before. Petitioner was convicted of 16

counts of sexual exploitation of a minor under the age of 15 pursuant to A.R.S. § 13-3553. He was sentenced to the presumptive term of 17 years' imprisonment on each of the 16 counts, to be served consecutively, for an aggregate term of 272 years' imprisonment. The jury's verdict specifically found that "the ages of the children were proven." (*Id*. at 3.)

Petitioner appealed, asserting that "the trial court erred by denying his request to represent himself, that his indictment was 'void' because it did not identify the victims, and that the jury instruction given pursuant to A.R.S. § 13-3556 was unconstitutionally overbroad." *State v. Taylor*, No. 2 CA-CR 2018-0002, 2019 WL 3020918, at *1 (App. July 10, 2019). The Arizona Court of Appeals denied relief. Petitioner did not seek review from the Arizona Supreme Court. He also did not seek state post-conviction relief. (Doc. 1 at 4).

The present Petition asserts that Petitioner's indictment was insufficient because no victim's actual identity was alleged, that he was denied his right to self-representation, and that the trial court "committed reversible error when it gave the ARS § 13-3556 'permissible inference' jury instruction at [his] trial 14 years after the Arizona State Court of Appeals declared the instruction 'unconstitutionally overbroad' in *State v. Hazlett*, 73 P3d 1258, 1264 (Ariz. App. 2003)." (*Id*. at 6–8).

Magistrate Judge Bibles issued the R&R on August 25, 2020. (Doc. 18.) It sets forth a thorough history of Petitioner's underlying proceedings. The R&R rejects each of Petitioner's arguments, and therefore concludes that the Petition should be denied. (*Id*. at 12.) The R&R informed the parties that they had "fourteen (14) days from the date of service of a copy of [the R&R] within which to file specific written objections with the Court" and that "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues." (*Id.* at 13) (citations omitted). Petitioner timely filed objections. (Doc. 21.) Respondents filed a response.[1] (Doc. 22.)

---

[1] Petitioner also filed a reply (Doc. 23) in support of his objections. While the Federal Rules of Civil Procedure permit objections to a R&R, and a response to the objections, they do not provide for a reply. *See* Fed. R. Civ. P. 72(b)(2). Because Petitioner was not permitted to file a reply, the Court will not consider it.

## II. LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court is not required to "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citations omitted). Therefore, a general objection "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367 at *2 (citations omitted).

## III. DISCUSSION

### A. Record on Appeal

As a preliminary matter, Petitioner "objects to the Magistrate's reliance upon and use of background provided by appellate counsel on direct appeal in the state court." (Doc. 21 at 1.) He asserts that this material "conveniently omit[s] and misrepresent[s] pertinent facts within the state court proceedings as they related to Petitioner's assertion of his Sixth Amended Right of self representation, his Ground Two claim here." (*Id.*) The Court understands this to be a reference to the R&R's citation to Petitioner's opening brief before the Arizona Court of Appeals. The R&R also cited, and this Court has reviewed, the Court of Appeals' decision. *See Taylor*, 2019 WL 3020918. As Respondents note, an appellate

court's stated facts are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254 (e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). As Petitioner has not provided clear and convincing evidence to rebut the presumption of correctness of the facts derived from the appellate court record, this objection is overruled.

Petitioner also objects to Respondents' "failure to provide the complete verbatim transcripts" of his May 15, 2017 pretrial hearing, at which he waived his right to self-representation. (Doc. 21 at 2.) He asserts that the omission denied him a "full and fair" determination of his claim. (*Id*. at 3.) The Court agrees with Respondents that Petitioner's "objections appear to rest on the theory that the Respondents' failure to provide a verbatim, certified transcript of the May 15, 2017 pretrial hearing pursuant to Rule 5(c) [of the Rules Governing Section 2254 Cases] invalidates the R&R's reliance on the court of appeals' recitation of facts." (Doc. 22 at 2-3.) Rule 5(c) of the Rules Governing Section 2254 Cases states:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Rules Governing § 2254 Cases, Rule 5(c).

Here, Respondents indicated in their answer that the May 15, 2017 hearing was part of a group of "additional proceedings that may have been recorded but either were not transcribed or were transcribed but are not in Respondent's possession." (Doc 8 at 4.) Petitioner then filed a motion to compel "additional Rule 5(c) submissions in order to ensure a complete record of the material facts." (Doc. 11 at 1.) Magistrate Judge Bibles

- 4 -

ruled, in part, that because "Respondents are not in possession of a . . . transcript of the May 15, 2017 hearing," the motion was denied as to that transcript. (Doc. 14 at 2.) *See also LaPointe v. Ryan*, No. CV-15-01044-PHX-DJH-BSB, 2016 WL 11577502, at *1 n.1 (D. Ariz. Jan. 15, 2016), report and recommendation adopted, No. CV-15-01044-PHX-DJH, 2019 WL 1429343 (D. Ariz. Mar. 29, 2019) ("Rule 5(c) of the Rules Governing Section 2254 cases does not require the government to produce 'a complete record.' Rather, Rule 5(c) requires the government to provide relevant transcripts and to identify other available transcripts."). Further, Petitioner cites to no authority for excluding the background facts of an R&R based on a violation of Rule 5(c), even had one occurred. This objection is overruled.

### B. Due Process

Petitioner objects to the Magistrate Judge's findings as to Grounds 1(a) and 1(b) of the Petition. Petitioner's sentence was enhanced under A.R.S. § 13-705. In Ground 1(a), he claims that because that provision requires an actual victim who is under 15 years old, the State's failure to allege any victim's actual identity rendered his indictment invalid and the trial court without subject-matter jurisdiction. (Doc. 1 at 6–8.) In Ground 1(b), Petitioner argues that because the State did not authenticate whether the minors depicted in the child pornography were actual and not fictitious, his due process rights were violated. (*Id.*) The R&R concluded that "[t]o the extent [Petitioner] relies on an interpretation of an Arizona statute to assert a violation of his right to due process, such a claim is not cognizable in a federal habeas action" and "the Arizona Court of Appeals' determination that the indictment satisfied state law is binding on the Court." (Doc. 18 at 6.) The R&R also notes that "an '[i]ndictment by grand jury is not part of the due process guarantees of the Fourteenth Amendment that apply to state defendants." (*Id*. at 6–7.)

Petitioner objects to the R&R's conclusions, arguing, first, that "although he offers a new and 'novel' argument in support herein, this Court is authorized to consider the claim based on argument here *de novo*." (Doc. 21 at 5.) Specifically, he argues that the "range of claims cognizable in federal habeas proceedings is broad," and that "such claims include

challenges to the legality of holding the petitioner in custody at all." (*Id*. at 6) (citations omitted). He further asserts that "federal habeas corpus is a regime that permits federal courts to vacate a final conviction or sentence from a state court on any properly preserved ground of federal constitutional error including due process-based claims." (*Id*.) The Court does not disagree with these assertions. Nonetheless, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). To the extent that Petitioner's "novel" argument attacks the state court's interpretation of A.R.S. § 13-705, that objection is overruled.

Petitioner also asserts that the "state appellate court[']s decision (and by default the Magistrate[']s) on the Ground One claim was not merely wrong, but also an unreasonable application of federal law." (Doc. 21 at 7.) To the extent that Petitioner argues that the Court of Appeals applied federal law, that is incorrect. A review of the Court of Appeals' decision confirms that the court interpreted and relied upon only state law. *See Taylor*, 2019 WL 3020918. This objection is overruled.

Petitioner also argues that because of the trial court record's "complete silence on any offer of proof" that an actual child appeared in the pornography, a "clear due process error [] occurred once the trial court entered a finding of guilt under § 13-3553(a)(2) anyway and later imposed an enhanced sentence as a Dangerous Crime Against Children[.]" (Doc. 21 at 7.) Nonetheless, as the R&R noted, "[d]ue process requires only that a defendant be given notice of the specific charge against them, and a chance to be heard in a trial of the issues raised by that charge." (Doc. 18 at 7.) *See, e.g., Cole v. State of Arkansas*, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial

- 6 -

of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."). *See also Knewel v. Egan*, 268 U.S. 442, 446 (1925) ("It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."). Here, Petitioner makes no allegation that he did not know of the specific charges raised against him, or that he did not have a chance to be heard in trial of the issues raised by those charges. This objection is overruled.

Petitioner also objects to the "the Magistrate[']s unreasonable application of relevant legal principles to the facts, impermissibly narrowing the scope of what constitutes a violation of §§ 13-1553 and 13-705." (Doc. 21 at 7.) He continues that although the superior court generally has jurisdiction to hear cases involving felony offenses, it had an obligation to "maintain jurisdiction" in the form of "an offer of proof and authentication by the state, either prior to or during trial, that the images and video alleged to violate 13-3553 are what they allege, i.e., depictions of an actual child (under 15 years of age) actually engaged in sexually exploitive exhibition or conduct." (*Id.* at 8.) This argument does not raise any issues of federal law, and, as noted, an alleged error in the application of Arizona law is not cognizable in federal habeas corpus proceedings. *Langford*, 110 F.3d at 1389. Further, the Arizona Constitution provides that Arizona superior courts have jurisdiction over "[c]riminal cases amounting to a felony." Ariz. Const. art. VI, § 14(4). In criminal matters, "subject matter jurisdiction is established when the indictment is filed, and, once established, cannot be lost as the result of later events." *State v. Fimbres*, 222 Ariz. 293, 302 (App. 2009). Petitioner's objection to the state court's jurisdiction is overruled.

Petitioner also argues that the images he was charged with possessing are "presumed protected under the First Amendment." (Doc. 21 at 10.) Further, "First Amendment protections under *Ferber*, *Free Speech Coalition*, and *Hazlett* place a Sixth and Fourteenth Amendment Due Process burden of proof requirement under *Winship* upon Respondent in prosecutions under A.R.S. § 13-3553, . . . on whether an *actual child actually engaged in sexually exploitive exhibition or conduct* is depicted within each visual depiction offered

- 7 -

in support of a charge." (*Id.* at 10–11) (emphasis in original). These cases are not persuasive. In *New York v. Ferber*, the U.S. Supreme Court held that the First Amendment right to free speech did not forbid states from banning the sale of child pornography, even if the material was not obscene. 458 U.S. 747, 761 (1982). In *Ashcroft v. Free Speech Coalition*, the Supreme Court subsequently held that the federal Child Pornography Prevention Act of 1996 abridged freedom of speech to the extent that it prohibited "sexually explicit images that appear to depict minors but were produced without using any real children." 535 U.S. 234, 239 (2002). And in *Hazlett*, the Arizona Court of Appeals confirmed that the Arizona statutes at issue, A.R.S. §§ 13-3551 and 13-3553, did not run afoul of *Free Speech Coalition* because "their scope is limited to visual depictions of 'actual minors' actually engaged in real or simulated exploitative exhibition or sexual conduct." 205 Ariz. at 526. In *In re Winship*, the U.S. Supreme Court held that where a 12-year-old child is charged with an adult crime, "the case against him must be proved beyond a reasonable doubt." 397 U.S. 358, 358–59 (1970). These cases do not support Petitioner's argument that he raises a cognizable federal claim. In addition, despite his argument that the materials in his possession were "presumed protected," the Court of Appeals found that "there was ample and uncontested evidence that images he possessed depicted children under the age of fifteen." *Taylor*, WL 3020918, at *3. Petitioner's objections to the Magistrate Judge's conclusions regarding Ground 1 of this Petition are overruled.

### C. Right to Self-Representation

Petitioner also objects to the R&R's conclusions regarding Ground 2 of his Petition, which asserts that the trial court erred in denying his right to self-representation in violation of the Sixth and Fourteenth Amendments. (Doc. 1 at 6–8.) In *Faretta v. California*, 422 U.S. 806 (1975), the U.S. Supreme Court confirmed that criminal defendants have a constitutional right to represent themselves in state criminal proceedings. *Id.* at 834. Petitioner argues that he "never withdrew his knowing, intelligent, and voluntary waiver of counsel and request to self-represent," and accordingly requests a new trial to "vindicate his trumped constitutional guarantees." (Doc. 1 at 7.)

As the R&R recounted, Petitioner raised this claim on appeal, and the Arizona Court of Appeals rejected it. (Doc. 18 at 8–9.) Among numerous other facts, the Court of Appeals noted that after Petitioner invoked his right to self-representation, he said, in response to the trial court's questions, that he "did not understand his right to counsel or the risks of self-representation, insisted that the court address him as 'The Beneficiary,' and asserted the court had no jurisdiction over him." *Taylor*, 2019 WL 3020918, at *1. At a later hearing, "the court then explained to [Petitioner] that, before he would be permitted to represent himself, the court was required to find that his decision was knowing, voluntary, and intelligent and would ask him several questions to that end." *Id*. Petitioner refused to answer the court's questions "but ultimately agreed he would decide whether to waive his right to counsel after reviewing discovery." *Id*. At another hearing, Petitioner declined to answer questions about his desire to proceed *pro se* "until he had the opportunity to review discovery, claimed he did not understand the court's questions, and gave unresponsive answers, such as claiming he would not enter into a 'business deal' with the court and that he is 'not a chattel piece of property of this company or corporation.'" *Taylor*, 2019 WL 3020918, at *2. Petitioner later withdrew his request to represent himself. *Id*.

The Court of Appeals stated that a defendant's decision to represent himself must be "knowing, voluntary, and intelligent," and that, in light of the circumstances, the trial court "did not err in rejecting [Petitioner's] request to proceed pro se." *Id*. (*citing State v. McLemore*, 230 Ariz. 571 (App. 2012)). The Magistrate Judge's R&R agreed that, in light of Petitioner's conduct, the Court of Appeals' determination "was not clearly contrary to federal law nor an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Doc. 18 at 10.)

Petitioner asserts that the R&R "ignored the standard for waiver of counsel established under Rule 6.1(c), Ariz. R. Crim. P." (Doc. 21 at 3.) Rule 6.1(c) of the Arizona Rules of Criminal Procedure provides, in relevant part, that "[a] defendant may waive the right to counsel if the waiver is in writing and if the court finds that the defendant's waiver is knowing, intelligent, and voluntary." Petitioner's argument is not convincing, as both

the Court of Appeals and later the Magistrate Judge found that his waiver was not knowing, intelligent, and voluntary because he acted "in a manner from which the trial court could not reasonably conclude that [Petitioner] understood and was competent to represent himself[.]" (Doc. 18 at 13.)

Petitioner also argues that by denying his "clear" affirmation that "he did not want to be represented by counsel, and where the record also disclosed no evidence his later acquiescence was voluntary, the court abused discretion." (Doc. 21 at 3-4.) He points to no evidence that the withdrawal of his self-representation request was involuntary.[2] Petitioner also argues that the state court violated his constitutional rights because "no specific colloquy" is required to establish whether an individual is advancing a "knowing, voluntary or intelligent waiver of counsel." (Doc. 21 at 4–5) (citing *State v. McLemore*, 230 Ariz. 571, 578 (App. 2012)). In *McLemore*, the Arizona Court of Appeals stated, "[t]o constitutionally waive counsel, the defendant should first be warned of the risks of self-representation so the defendant 'knows what [the defendant] is doing and [the] choice is made with open eyes." 230 Ariz. at 578 (citing *Faretta*, 422 U.S. at 835. That said, "an erroneous denial of the right to proceed pro se by refusing to permit a defendant to waive counsel violates a defendant's constitutional rights and is reversible and structural error." *Id.* The *McLemore* court concluded that, "[a]bsent any indication that he was withdrawing or abandoning his motion to proceed *pro se*, [petitioner] was entitled to the opportunity to make a constitutional waiver of counsel." *Id*. at 579. Here, in contrast, the underlying record indicates that Petitioner *did* withdraw his request to proceed without counsel. *See Taylor*, 2019 WL 3020918, at *1-2. This argument is not convincing, and Petitioner's objections to the R&R's findings as to Ground 2 of his Petition are overruled.

D.     **Jury Instruction**

Petitioner also objects to the R&R's conclusion regarding his jury instruction claim.

---

[2] Petitioner states in his Objection that his "conduct, though disagreeable, uncooperative and 'bizarre,' . . . was neither disruptive or dilatory by intent and consist[e]nt [sic] his stated constitutionalist, anti-government ideology." (Doc. 21 at 3.) This assertion does not demonstrate that his withdrawal was involuntary.

- 10 -

(Doc. 21 at 8.) In Ground 3, Petitioner claims that the trial court erred when it gave a "permissible inference" instruction. Specifically, the trial court instructed the jury that it was permitted to "draw the inference that a participant was a minor if the visual depiction or live act through its title, text or visual representation depicted the participant as a minor." *Taylor*, 2019 WL 3020918, at *3. The State agreed that the trial court erred in giving this instruction; as the Court of Appeals noted, the instruction was "unconstitutionally overbroad because it permits a 'prosecution and conviction where no actual child was involved.'" *Id.* (citing *Hazlett*, 205 Ariz. at 529 n.10). Nonetheless, the Court of Appeals found that Petitioner did not object before the trial court, and accordingly was "entitled to relief only if he demonstrates that the error was fundamental and prejudicial." *Id*. Petitioner did not explain how the error prejudiced him, and therefore the Court of Appeals found that he waived this argument. It also noted that there was "ample and uncontested evidence" in the record that the subject images depicted minor children. (Doc. 18 at 12.)

Habeas relief is appropriate on review of a state court's determination that an instructional error was harmless only if the decision conflicted with a holding of the United States Supreme Court, or if the state court "applied harmless-error review in an objectively unreasonable manner." *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003) (citation and quotations omitted). Here, the R&R found that the Court of Appeals' conclusion was not unreasonable, citing the State's presentation of expert witness and police detective testimony "regarding the ages of the children appearing in the pornographic images downloaded and possessed by [Petitioner]." (Doc. 18 at 12.) Therefore, it concluded, the jury could "without reference to the title, text or visual representation depicted in the subject image, conclude the child depicted in the image was a minor." (*Id*.)

Petitioner also objects to the R&R's conclusion on grounds that the jury instruction was "clearly harmful as the State utilized it to criminalize visual depictions without establishing—and proving—an *actual minor child* was a pornographic subject." (Doc. 21 at 12) (emphasis in original). Nonetheless, there is no requirement that the State rely on extrinsic evidence, beyond the photographs themselves, to meet its burden of proof. *See,*

*e.g., Hicks v. Ryan*, No. 2:09-CV-00328JWS, 2009 WL 4730730, at *9 (D. Ariz. Dec. 7, 2009) ("Moreover, to satisfy its burden under A.R.S. § 13–3553, the State could rely on the visual depictions themselves, without introducing additional evidence regarding those images.").

Petitioner also argues that this Court's holding in *Bauer v. Ryan*, No. CV-19-01155-PHX-JAT-MTM, 2020 WL 4251405 (D. Ariz. July 24, 2020), as well as the Court of Appeals' decision in his own case, conflict with "established federal law." (Doc. 21 at 12.) In *Bauer*, this Court rejected an argument that the "actual identity of a depicted minor is an element of A.R.S. § 13-3553." 2020 WL 4251405, at *1. Rather, it noted that the persons depicted must be "actual minors and not fictitious characters. . . . Identifying a minor would be one way to prove that a depicted person was both 'actual' and a 'minor,' but manifestly not the only way." *Id*. at *3. And in the present case, as the R&R recounted, there was "ample and uncontested" evidence that the subject images depicted minor children. (Doc. 18 at 11–12.) The Court finds no reason to believe that *Bauer*, or the Court of Appeals' decision in the present matter, conflicted with federal law. This objection is overruled.

Petitioner also argues that the "State appellate court's conclusion regarding the impact of the instruction was clearly unreasonable in light of facts supporting Petitioner's Ground One claim herein." (Doc. 21 at 12.) In light of the Court's previous discussion of this claim, this objection is overruled.

Petitioner also asserts that the trial court "failed to properly instruct the jury on [the] definition of 'minor' as being an *actual child*." (*Id*.) Nonetheless, as evidenced by the final jury instructions, the trial court defined "minor" as "a person or persons who were under years of age at the time a visual depiction was created, adapted or modified." (Doc. 22-1 at 7.) The Court finds that this instruction does not extend to include manufactured images, as compared with actual children. Petitioner's objections regarding Count 3 are overruled.

### E.     Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court renders

- 12 -

1 the judgment denying the Petition, it must either issue a certificate of appealability or state
2 why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has
3 made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
4 A substantial showing is made when the resolution of an issue of appeal is debatable among
5 reasonable jurists, if courts could resolve the issues differently, or if the issue deserves
6 further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review,
7 the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** adopting the Report and Recommendation. (Doc. 18.)

**IT IS FURTHER ORDERED** denying the Petition (Doc. 1) and dismissing it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 31st day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge